UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2022
```

THE BAZOOKA COMPANIES, INC.,

    Plaintiff,

-against-

CLASSIC CONFECTIONS ENTERPRISES, INC.,

    Defendant.

1:22-cv-4656 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    On June 3, 2022, Plaintiff the Bazooka Companies, Inc. ("Bazooka") filed this action and a motion for a preliminary injunction and expedited discovery [ECF Nos. 1, 6, 7]. Bazooka owns trademark and trade dress registrations in the famous Ring Pop candy [ECF Nos. 1-2, 1-5]. Bazooka contends that Defendant Classic Confections Enterprises, Inc. is a repeat infringer of Bazooka's intellectual property and is selling a candy product, called Jewel Pop, that is confusingly similar to Ring Pop, in breach of a previous settlement agreement and in violation of the Lanham Act, along other causes of action. The parties are also engaged in litigation in the District of New Jersey, where Bazooka sought a preliminary injunction to stop Defendant from making and selling a copycat of Bazooka's Baby Bottle Pop candy [ECF No. 1 at 2 n.1]. *See The Bazooka Companies, Inc. v. Classic Confections Enterprises, Inc.*, No. 2:22-cv-01312.

    Defendant started selling Jewel Pop in 2019 [ECF No. ("Nadler Decl." ¶ 4)]. Defendant acknowledged that its original Jewel Pop infringed Bazooka's Ring Pop marks in a settlement agreement executed on November 25, 2019 [ECF No. 1-1 (Settlement Agreement")]. The Settlement Agreement provided for a limited sell-off period, after which Defendant agreed to immediately stop and "forever refrain" from selling "Jewel Pops and all other products incorporating the Ring Pop Design." Settlement Agreement ¶¶ 2(c), 4. The Settlement Agreement

1

also contained a forum selection clause, stating that any dispute arising out of the Agreement should be brought in New York. *Id.* ¶ 9(f). Thereafter, Defendant started selling a redesigned, rounder Jewel Pop. Nadler Decl. ¶ 7. Bazooka alleges that Defendant continued to sell the original Jewel Pop in breach of the Settlement Agreement and that the redesigned Jewel Pop still infringes on Ring Pop.

On July 1, 2022, the Court held a hearing on Bazooka's motion. On the record at the hearing, both parties consented to transfer this action to the District of New Jersey. The parties have made clear—in both their submissions to this Court in connection with Bazooka's motion for emergency relief and in their representations at the July 1, 2022 hearing—that issues in this case have already been raised before the court in the District of New Jersey. For example, Bazooka's complaint in the district of New Jersey includes many of the same allegations as the complaint and motion in this case about Defendant's previous infringement of the Ring Pop design and the parties' settlement agreement. *Compare* 2:22-cv-01312 ECF No. 1 at ¶¶ 7, 8, 20, 48–56, *with* 1:22-cv-4656 ECF No. 1 ¶¶ 3, 7–10, 55–60. Bazooka represents that it learned of the alleged breach of the Settlement Agreement and ongoing infringement of its Ring Pop marks while investigating its New Jersey claims and that it "raised this" with the New Jersey court. Tr. at __. The parties agree that they exchanged information about the redesigned Jewel Pop as part of the New Jersey litigation. For example, on April 8, 2022, "counsel for Classic sent counsel for Bazooka an image and eight second video" of the redesigned Jewel Pop in connection with the New Jersey case. Def. Mem. at 7. Indeed, the parties discussed addressing Bazooka's allegations about Jewel Pop as part of a consensual resolution of the New Jersey case.

Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where it might have been brought or to any district or division to which all parties have consented." Courts consider a variety of factors in determining whether transfer under Section 1404(a) is appropriate. The factors include: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). While a valid forum selection clause is afforded great weight, it is not dispositive in all circumstances. *See Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013).

As noted above, both parties to this action agree that transfer of this action to the District of New Jersey is appropriate, notwithstanding the forum selection clause in the Settlement Agreement. The Court is likewise convinced that transfer is appropriate to preserve judicial resources. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d, 417, 426 (S.D.N.Y. 2013) (describing "judicial economy and the interests of justice" as a factor for consideration); *Tillman v. Vargas*, 2021 U.S. Dist. LEXIS 172194, at *2-3 (S.D.N.Y. Sept. 10, 2021) (explaining that transfer may be appropriate under Section 1404(a) where a "substantially similar complaint . . . is currently pending" in another district, and that district may be considered the "favored forum to litigate [the] action"). It is plainly inefficient for two different courts to decide the intertwining issues in the parties' dispute. The parties have already "raised" the existence of their previous Settlement Agreement and the redesigned Jewel Pop with the court in New Jersey and exchanged information in that case that would constitute discovery in this case.

Several other factors weigh in favor of transfer. Defendant's principal place of business is in New Jersey. Thus, the convenience of the witnesses, the convenience of the parties, and the location of the evidence may all weigh in favor of transfer. *See N.Y. Marine and Gen. Ins. Co.*, 599 F.3d at 112. There also appears to be no dispute that Bazooka is the larger company and, since it initiated its other case against Defendant in New Jersey, Bazooka has the means to litigate in New Jersey. *See id.* Indeed, on the record at the July 1, 2022 hearing, counsel for Bazooka suggested that its choice of this Court as a forum was based on counsel's belief that she was constrained by the forum selection clause in the Settlement Agreement to bring this action in New York. Tr. at __. Meanwhile, defense counsel represented that Defendant does not believe the forum selection clause applies to the claims in this case. In the light of the totality of the circumstances and the possibility of a global resolution, IT IS HEREBY ORDERED that this case shall be transferred to the District of New Jersey.

**SO ORDERED.**

Date: **July 6, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

4